643 P.2d 1090

**INDUSTRIAL INVESTMENT CORPORATION, Plaintiff, Respondent, and Cross-Appellant,**

v.

**C. M. ROCCA, Defendant, Third Party Plaintiff, Appellant, and Cross-Respondent,**

v.

**J. Robert TULLIS, Third Party Defendant.**

**No. 13694.**

Court of Appeals of Idaho.

April 6, 1982.

Gerald L. Weston, Gigray, Miller, Downen & Weston, Caldwell, for defendant, third party plaintiff appellant, and cross-respondent.

John Hepworth, Twin Falls Hepworth, Nungester & Felton, Twin Falls, for plaintiff, respondent, and cross-appellant; William L. Nungester, Twin Falls, on the briefs.

BURNETT, Judge.

This is an action by a lender against a guarantor of loans on which the borrower defaulted. The guarantor, C. M. Rocca, had guaranteed repayment by Western Vegetable Investment Corporation of loans made to it by Industrial Investment Corporation. For reasons not germane to this appeal, the district court initially ruled against the lender. That ruling was affirmed in part but reversed in part by our Supreme Court. *See Industrial Investment Corp. v. Rocca*, 100 Idaho 228, 596 P.2d 100 (1979) (herein "*Rocca I*").

The cause was remanded to the district court for findings as to the extent of the guarantor's liability on the balance of an outstanding loan. The district court entered judgment against the guarantor, but declined to award attorney fees to the lender. Both sides have appealed. We affirm the judgment for the balance of the loan; but we reverse the order denying attorney fees, and remand for determination of the fees to be awarded.

I

The guarantor in this case guaranteed repayment of two loans due in 1970 and 1971. The lender also made two smaller, nonguaranteed loans to the borrower. One of the nonguaranteed loans was due in 1971. The record does not disclose when the other loan was due. The borrower made payments to the lender from 1966 to 1968. The lender applied payments first to the nonguaranteed loans, then to the guaranteed loans. When the borrower defaulted, both nonguaranteed loans and one guaranteed loan had been fully paid. The guarantor claimed that he was damaged by the lender's application of payments.

In *Rocca I*, the Supreme Court held: As a general rule, in the absence of a contrary agreement, where a debtor owes several debts to a creditor, only some of

which are guaranteed, the guarantor is not entitled to control the payments and apply them to the guaranteed debts, and if payment is made without any designation by the debtor as to where it is to be applied, the creditor may apply it to either the guaranteed or nonguaranteed debts, except he cannot apply such payment to a debt which is not due to the exclusion of a guaranteed debt which is due. [Citations omitted.] [100 Idaho at 233, 596 P.2d at 105.]

As noted, the two guaranteed loans were not due until 1970 and 1971. When the borrower made payments from 1966 through 1968, neither of the guaranteed loans was due. Consequently, by applying payments first to the nonguaranteed loans, the lender violated no duty to the guarantor under *Rocca I.*

Following remand in *Rocca I,* the district court found that there had been no agreement among the lender, borrower and guarantor that payments would be applied first to guaranteed loans. The court further found that the lender's actions had not damaged the guarantor. In this appeal the guarantor argues that the latter finding was not supported by the evidence, because the record does not indicate when the second nonguaranteed loan was due.

▆ Our reading of *Rocca I* persuades us that the due date of the second nonguaranteed loan is immaterial. Absent agreement to the contrary, a lender may apply payments as it sees fit, subject only to the requirement that payments must be applied to any guaranteed loans then due. In this case, neither guaranteed loan was due when payments were received. Therefore, the lender was at liberty to determine the application of payments, regardless of whether the nonguaranteed loans were then due.

▆ The guarantor next contends that *Rocca I* required the district court to take additional evidence on remand. Our Supreme Court imposed no such requirement in its decision. The cause was remanded "for additional and further findings and conclusions of law on the issue of the liability for the $16,000 balance of the loans made

by IIC [lender] and which were never paid by Western [borrower] . . . ." 100 Idaho at 234, 596 P.2d at 106.

The district court found that "there has been sufficient testimony and evidence . . . presented at the original trial . . . upon which to make such additional findings of fact and conclusions of law sufficient for a final determination of this case." We agree. No additional evidence was required to decide the case under the principles enunciated in *Rocca I.* We uphold the district court's judgment on the guarantor's liability for the balance of the outstanding loan.

II

In its cross-appeal the lender argues that the district court erred in failing to include an award of attorney fees in the judgment. The guaranty instruments contained provisions for award of attorney fees.

The district court, which had ruled against the lender in the proceedings leading to *Rocca I,* noted that the lender had not specified denial of attorney fees as an issue on appeal in *Rocca I.* The district court held that attorney fees were not included among the matters remanded in *Rocca I,* and that the court was powerless to make any award.

▆ We disagree. In our view, the lender was not required to enumerate denial of attorney fees as a separate issue on appeal in *Rocca I.* The lender was appealing a judgment denying all relief against the guarantor. The appeal addressed the issue of the guarantor's liability. If there were such liability, it would necessarily embrace the obligation imposed by the attorney fee provisions of the guaranty instruments.

Our view accords with the manner in which issues on appeal are to be designated under the Idaho Appellate Rules. Rule 35(a)(3) provides, in pertinent part, as follows:

The statement of the issues should be short and concise, and should not be repetitious. The issues shall fairly state the

issues presented for review. The statement of issues presented will be deemed to include every subsidiary issue fairly comprised therein.

We hold that when the issue of liability on the guaranty was presented to the Supreme Court, the question of attorney fees was a "subsidiary issue fairly comprised therein." It was still a viable part of the case on remand.

The guarantor invites our attention to *Cline v. Roemer*, 97 Idaho 666, 551 P.2d 621 (1976), and *Oregon Shortline R.R. Co. v. City of Chubbuck*, 93 Idaho 815, 474 P.2d 244 (1970). In these cases, the Supreme Court declined to consider issues either not set forth in assignments of error, under then existing appellate practice, or not raised before the trial court. These decisions are inapposite. Idaho Appellate Rule 35(a)(3) did not exist when these cases were appealed. Moreover, in neither case was the Supreme Court required to consider whether the issues urged by the appellants were fairly included within other assignments of error properly made.

We conclude that the district court's denial of attorney fees must be reversed. On remand, the amount of fees at the trial level shall be determined under I.R.C.P. 54(e)(5).

■ The next question is whether such fees should also extend to representation on appeal. In *Vaughn v. Vaughn*, 91 Idaho 544, 428 P.2d 50 (1967), the Supreme Court awarded attorney fees on appeal to a respondent seeking to collect on a promissory note. The Supreme Court stated that such an award was necessary to prevent reduction of the actual recovery on the note, contrary to the purpose of the contractual provision for attorney fees. 91 Idaho at 548, 428 P.2d at 54. *Vaughn* is applicable here. The principal appeal has been brought by the guarantor, challenging the district court's judgment on the issue of liability upon the guaranty. The lender has responded successfully to this appeal, and has cross-appealed successfully on the question of entitlement to attorney fees. Accordingly, we hold that the lender is entitled to reasonable attorney fees in this appeal, pursuant to the provisions of the guaranty instruments. The amount of fees on appeal shall be determined in conformance with Idaho Appellate Rule 41(d).

We award no fees relating to the appeal in *Rocca I*. In that appeal, unlike *Vaughn*, the lender was appealing an adverse judgment of the district court. The judgment was affirmed in part, and reversed in part. The Supreme Court's decision reflects no award of attorney fees. We will not presume to modify that decision.

The judgment of the district court, except as to attorney fees, is affirmed. The cause is remanded for further proceedings on attorney fees, consistent with this opinion.

WALTERS, C. J., and SWANSTROM, J., concur.