887 P.2d 1039

**J.R. SIMPLOT COMPANY, a Nevada corporation, Plaintiff–Respondent– Cross Appellant,**

v.

**CHEMETICS INTERNATIONAL, INC., (U.S. Inc.), a Washington corporation; C–I–L, Inc., a Canadian corporation, Defendants–Appellants–Cross Respondents.**

No. 20458.

Supreme Court of Idaho, Eastern Idaho, May 1994 Term.

Dec. 5, 1994.

Rehearing Denied Jan. 26, 1995.

Scott L. Burnham, Pocatello, Watt, Tieder & Hoffar, McLean, VA, for appellants. Francis X. McCullough, argued.

Tolman Law Office, Twin Falls, for respondents. Steven K. Tolman, argued.

McDEVITT, Chief Justice.

## BACKGROUND AND PRIOR PROCEEDINGS

On approximately July 20, 1984, J.R. Simplot Co. (Simplot) and Chemetics International, Inc. (Chemetics) entered into a construction contract pursuant to which Chemetics was to design and build a sulfuric acid production plant for Simplot in Pocatello, Idaho. The parties agree that the purpose of the plant was to produce 2,000 short tons per day (STPD) of sulfuric acid. The plant was completed in December 1985 at an approximate cost of $21 million. A three day "performance test" was conducted during January 1986. According to Chemetics, the plant produced 2,000 STPD of sulfuric acid during the performance test, fulfilling Chemetics' performance guarantee. Simplot harbored doubts as to whether the desired production would be achieved on a day-to-day basis, but nonetheless signed an acceptance certificate at the conclusion of the performance test, on January 21, 1986. The certificate acknowledged the completion of the plant construction.

Thereafter, the plant failed to produce on a regular basis 2,000 STPD of sulfuric acid. Various causes for the production deficit became apparent during the first twelve months of Simplot's control and operation of the plant. On September 11, 1986, a Chemetics manager assured Simplot in writing that Chemetics desired "quality and customer satisfaction" and that Chemetics would work with Simplot to obtain these objectives. For the next five years, Chemetics and Simplot attempted to remedy the plant's problematic equipment and instruments. At least one Simplot manager testified that he met with Chemetics regarding the plant on nearly a monthly basis. Despite the continuing efforts by both parties, however, the plant failed to comply with certain design specifications. During the summer of 1992, Simplot remedied the deficiencies at the plant, without Chemetics' assistance, at a cost of $3.4 million.

Simplot filed suit against Chemetics on May 28, 1991, alleging breach of contract (Count I), breach of express and implied warranties (Count II), and indemnification for patent infringement (Count III). In its answer, Chemetics asserted, among other affirmative defenses, the defense of the statute of limitation. Chemetics later moved for summary judgment on the grounds that Counts I and II of Simplot's complaint should be dismissed for Simplot's failure to meet the five year statute of limitation that is applicable to construction contracts as set forth in Idaho Code § 5–216 and § 5–241(b). The district court denied the motion, holding that genuine issues of material fact existed as to whether Chemetics was equitably estopped from pleading the statute of limitation.

During the trial, the district court submitted to the jury, over Chemetics' objection,

the issues of whether the Idaho Uniform Commercial Code (UCC) and various UCC remedies applied to the contract. The district court also submitted to the jury the interpretation of provisions in the contract that purported to limit Chemetics' liability. Additionally, the district court held that Chemetics was barred from pleading the statute of limitation defense not because of equitable estoppel, which the court held inapplicable in this case, but because of the "repair doctrine," a theory not previously adopted in Idaho.

The jury awarded Simplot $2,650,294.92 and interest as compensation for costs incurred repairing defects which existed in the plant. The jury awarded Simplot $37,800 as compensation for the patent infringement claim. Chemetics appeals the verdict relating to the plant, but does not appeal the verdict relating to the patent infringement claim. Simplot cross-appeals, challenging the amount of attorney fees it was awarded by the district court.

## ANALYSIS

## I.

### THE DISTRICT COURT ERRED BY RULING THAT THE PRINCIPLES OF THE "REPAIR DOCTRINE" BARRED CHEMETICS FROM ASSERTING A DEFENSE BASED ON THE STATUTES OF LIMITATION.

■ Chemetics first contends that the district court erred by ruling that the "repair doctrine" precluded Chemetics' statute of limitation defense. The issue posed by Chemetics involves the district court's decision on a question of law, over which this Court exercises free review. *E.g., Clements Farms, Inc. v. Ben Fish & Son*, 120 Idaho 185, 188, 814 P.2d 917, 920 (1991).

There is no dispute that Idaho law, including Idaho statutes of limitation, governs the interpretation of the contract in this case. The parties expressly provided in their contract that "the Contract shall be governed and construed according to the laws of the state or province in which the site is located."

The plant at issue in this case is located in Idaho.

The law that governs this case is not that set forth in the Idaho UCC. This appeal is resolved by analyzing Simplot's compliance with I.C. § 5–241(b) and § 5–216.

Pursuant to I.C. § 5–241(b) and I.C. § 5–216, a contract action arising out of the design, planning, supervision or construction of improvements to real property accrues and the statute begins to run at the time of final completion of construction of such an improvement. I.C. § 5–241(b). The statute of limitation for such an action is five years. I.C. §§ 5–216, 5–201.

The date of final completion of the construction of the sulfuric acid plant is undisputed. Both parties agree that final completion of the plant took place on January 21, 1986, when Simplot and Chemetics executed the acceptance certificate. The acceptance certificate stated that construction of the plant was complete in every respect. Pursuant to the acceptance certificate, Simplot assumed control and operation of the sulfuric acid plant. The parties do not dispute that Simplot filed its complaint five years and four months after execution of the acceptance certificate.

■ The only non-statutory bar to a statute of limitation defense in Idaho is the doctrine of equitable estoppel. *See Theriault v. A.H. Robins Co.*, 108 Idaho 303, 307, 698 P.2d 365, 369 (1985); *cf. Holmes v. Iwasa*, 104 Idaho 179, 182–83, 657 P.2d 476, 479–80 (1983) (evaluating plaintiff's malpractice claim pursuant to the limited statutory discovery exceptions to I.C. § 5–219(4) and the doctrine of equitable estoppel). This Court has specified that the elements of equitable estoppel are: (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice. *Williams v. Blakley*, 114 Idaho 323,

325, 757 P.2d 186, 188 (1987); *Twin Falls Clinic & Hosp. Bldg. v. Hamill*, 103 Idaho 19, 22, 644 P.2d 341, 344 (1982). Estoppel does not "extend" a statute of limitation. Rather, it prevents a party from pleading and utilizing the statute of limitation as a bar, although the time limit of the statute may have already run. *Twin Falls Clinic*, 103 Idaho at 22, 644 P.2d at 344.

▌ At the close of the trial, the district court held that "all of the elements [of equitable estoppel], primarily the concealment or false representation, I concluded that they were not there." Nonetheless, the district court ruled that Chemetics was barred from asserting the defense of the statute of limitation. The district court based the ruling not "on the technical estoppel requirements set forth in Idaho law but on the general principles [of the "repair doctrine"] set forth in the *Colorado–Ute v. Envirotech* case." The district court considered these principles to be "close to" existing Idaho law.

In some other jurisdictions, the "repair doctrine" bars a contractor or vendor of faulty goods who has discouraged the owner or purchaser from filing suit until the applicable statutes of limitation have run from utilizing those statutes as a defense. *E.g., Colorado–Ute Elec. Ass'n, Inc. v. Envirotech Corp.*, 524 F.Supp. 1152, 1155–56 (D.Colo. 1981). Those courts relying on the doctrine usually require a showing that the contractor or vendor insisted to the owner or purchaser that all defects would be wholly repaired or otherwise acted in such a way as to discourage litigation, and that the owner or purchaser relied on the repairs or promises and thereby permitted the statute of limitation to expire. Under the "repair doctrine," whether a defendant's conduct tolled the statute is an issue of fact, *Little Rock School Dist. of Pulaski County v. Celotex Corp.*, 264 Ark. 757, 767, 574 S.W.2d 669, 674 (1978), as is the reliance of the owner or purchaser. *City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 219 (4th Cir.1977).

This Court has not subscribed to the "repair doctrine," either as a version of equitable estoppel or an alternative means of barring or tolling a statute of limitations defense, and we do not elect to do so in this case. Idaho Code § 5–241(b) clearly prescribes the date on which actions founded on construction contracts accrue. *Twin Falls Clinic*, 103 Idaho at 23–24, 644 P.2d at 345–46. Counts I and II of Simplot's complaint were therefore barred by the expiration of the applicable statutes of limitation; the verdict on Counts I and II is reversed.

## II.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN CALCULATING THE AWARD OF ATTORNEY FEES TO SIMPLOT.

▌ Simplot cross-appeals the method by which the district court awarded Simplot attorney fees. This issue remains partially relevant despite our reversal of Counts I and II, because Simplot prevailed on Count III of its complaint. The verdict on Count III was not appealed and is not reversed.

Simplot entered into an attorney fee arrangement whereby Simplot was billed at a purportedly reduced hourly rate for legal work prior to trial and for 20% of any jury verdict awarded, with no time actually billed for trial. Upon prevailing below, Simplot requested, pursuant to I.C. § 12–120(3) and I.R.C.P. 54(e)(3), an attorney fee award of $537,619.00, which represented 20% of the total verdict award, plus $66,142.50 for pretrial work. The district court awarded Simplot $102,905.00, arriving at this figure on the basis that Chemetics allegedly was unaware of the contingency fee arrangement until sometime during trial.

Simplot concedes that the district court ostensibly considered all of the factors set out in I.R.C.P. 54(e)(3), as directed by the rule, but contends that the district court gave undue and improper weight to Chemetics' alleged ignorance of the contingency agreement. We disagree. I.R.C.P. 54(e)(3)(L) permits the district court to consider "[a]ny other factor which the court deems appropriate in the particular case." The record discloses the district court's consideration of this and the other factors set out in the rule. We therefore do not find, as we must to reverse a district court's award of attorney

fees, a clear abuse of the district court's discretion. *See Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 350–51, 766 P.2d 1227, 1231–32 (1988).

Since the verdict below is reversed in part, the attorney fee award to Simplot is vacated. Because we cannot determine from the district court's order and judgment on attorney fees what portion is attributable to Simplot as the prevailing party on Count III, this issue is remanded to the district court.

### CONCLUSION

Because Simplot failed to seek judicial relief within the time frame of the applicable statutes of limitation or prove the requisite elements of equitable estoppel, its causes of action pursuant to Counts I and II of the complaint were barred. The verdict in favor of Simplot on these Counts is accordingly reversed and the award of attorney fees is vacated. This matter is remanded so that Simplot's attorney fee award as the prevailing party on Count III may be modified in accordance with this opinion.

Costs to appellant Chemetics. No attorney fees on appeal.

JOHNSON, TROUT and SILAK, JJ., and REINHARDT, J. Pro Tem., concur.