939 P.2d 574

**J.R. SIMPLOT COMPANY, a Nevada Corporation, Plaintiff–Respondent,**

v.

**CHEMETICS INTERNATIONAL, INC., (U.S.INC.), a Washington Corporation; C–I–L, Inc., a Canadian Corporation, Defendants–Appellants.**

No. 22638.

Supreme Court of Idaho.
Twin Falls, March 1997 Term.

May 29, 1997.

---

1. While "property damage" is defined in the policy, the definition itself is inadequate to re-solve the above ambiguity.

Watt, Tieder & Hoffar, McLean, VA; Isaac E. McDougall, Boise, for appellants. Francis X. McCulloch, argued, McLean, Va.

Tolman Law Office, Twin Falls, for respondent. Steven K. Tolman, argued, Twin Falls.

SCHROEDER, Justice.

This is a dispute over attorney fees and costs. The underlying case involved claims of breach of contract, breach of warranty and patent infringement filed by J.R. Simplot Company (Simplot) against Chemetics International, Inc. (Chemetics). The initial jury verdict was appealed to this Court and resulted in a remand to the district court. This second appeal relates only to attorney fees and costs.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Between 1984 and 1986 Chemetics designed and constructed a large sulfuric acid production plant for Simplot. On May 28, 1991, Simplot filed suit against Chemetics alleging breach of contract (count I), breach of express and implied warranties (count II), and indemnification for patent infringement (count III). Chemetics asserted a statute of limitations defense and moved for summary judgment on the grounds that counts I and II of Simplot's complaint should be dismissed for Simplot's failure to meet the five-year statute of limitations applicable to construction contracts. The district court denied the motion, holding that genuine issues of material fact existed as to whether Chemetics was equitably estopped from pleading the statute of limitations.

At trial the district court denied Chemetics' motion for directed verdict, ruling that the statute of limitations had been tolled. The jury then returned a verdict for Simplot in the amount of $2,688,094.92 for counts I, II, and III. Simplot moved for an award of costs and fees in excess of $600,000 as the prevailing party. The district court awarded Simplot costs in the amount of $45,769.49 and attorney fees in the amount of $102,950.

Chemetics appealed the verdict and judgment relating to count I and II. Simplot cross-appealed, challenging the method by which the district court awarded Simplot at-

torney fees. This Court held that the statute of limitations barred the underlying claims by Simplot and reversed the jury verdict as to counts I and II. *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 126 Idaho 532, 887 P.2d 1039 (1994). With respect to the cross-appeal this Court held that the district court did not abuse its discretion in calculating the award of attorney fees to Simplot. This Court provided the following directive:

> Since the verdict below is reversed in part, the attorney fee award to Simplot is vacated. Because we cannot determine from the district court's order and judgment on attorney fees what portion is attributable to Simplot as the prevailing party on Count III, this issue is remanded to the district court.

*Id.* at 536, 887 P.2d at 1043. In its conclusion this Court stated:

> The verdict in favor of Simplot on these Counts is accordingly reversed and the award of attorney fees is vacated. This matter is remanded so that Simplot's attorney fee award as the prevailing party on Count III may be modified in accordance with this opinion.
>
> Costs to appellant Chemetics. No attorney fees on appeal.

*Id.*

Chemetics filed a Petition for Rehearing with this Court, seeking clarification of the opinion. This Court declined to hear the Petition. An Amended Remittitur was issued which stated:

> IT IS HEREBY ORDERED that the District Court shall forthwith comply with the directive of the Opinion, if any action is required; and
>
> IT is FURTHER ORDERED that costs are allowed to Appellants. No attorney fees on appeal.

Upon remand the district court reduced the original award of attorney fees to Simplot to $12,600, one-half of the damages awarded under count III. Chemetics sought an award of costs and attorney fees as the prevailing party, but the district court determined that it did not have the authority to consider Chemetics' motion. This appeal is taken from the judgment entered by the district court incorporating these determinations.

## II.

### STANDARD OF REVIEW

■ When an appeal involves issues of law, this Court exercises free review. *Clements Farms, Inc. v. Ben Fish & Son*, 120 Idaho 185, 188, 814 P.2d 917, 920 (1991). The question of a trial court's compliance with the rules of civil procedure relating to the recovery of attorney fees or costs is one of law upon which an appellate court exercises free review. *Harney v. Weatherby*, 116 Idaho 904, 906, 781 P.2d 241, 243 (Ct.App. 1989).

"The determination as to the prevailing party in an action is a matter committed to the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion." *Noble v. Fisher*, 126 Idaho 885, 892, 894 P.2d 118, 125 (1995); I.R.C.P. 54(d)(1)(B).

## III.

### THE DISTRICT COURT HAD JURISDICTION ON REMAND TO RECONSIDER THE "PREVAILING PARTY" AND AWARD ATTORNEY FEES ACCORDINGLY

■ This appeal involves the issue of whether the district court correctly concluded that it did not have the jurisdiction on remand to consider awarding costs and attorney fees to Chemetics. This case involves a commercial transaction and the prevailing party is entitled to attorney fees, or an apportionment of the fees, pursuant to section 12–120(3) of the Idaho Code, unless the remand from this Court limited the district court from considering the question of the award of costs and fees to Chemetics. The remand did not limit the district court in this regard.

In *Hutchins v. State*, 100 Idaho 661, 603 P.2d 995 (1979), this Court announced that "[a]fter a general reversal, a trial court is free to correct any error in its original findings and conclusions as to matters not passed

on by the appellate court." *Id.* at 666, 603 P.2d at 1000. This Court did not pass on the question of whether Chemetics was or was not entitled to attorney fees as the prevailing party.

The Court of Appeals dealt with a similar situation in *Industrial Inv. Corp. v. Rocca,* 102 Idaho 920, 643 P.2d 1090 (Ct.App.1982), and its logic is persuasive. In *Industrial Inv. Corp.,* the district court held that attorney fees were not included among the matters remanded in an earlier appeal and that the court was powerless to make the award. On cross-appeal it was argued that the district court erred in failing to include an award of attorney fees in the judgment because a guaranty instrument contained provisions for award of attorney fees. The Court of Appeals held that "when the issue of liability on the guaranty was presented to the Supreme Court, the question of attorney fees was a 'subsidiary issue fairly comprised therein.' It was still a viable part of the case on remand." *Id.* at 923, 643 P.2d at 1093. Likewise, when this Court reversed the jury verdict as to counts I and II, relieving Chemetics of liability, the question of attorney fees was a "subsidiary issue fairly comprised therein." On remand the district court had the jurisdiction to consider whether Chemetics was the prevailing party and to make an award of costs and attorney fees.

## IV.

### THIS CASE IS REMANDED TO THE DISTRICT COURT TO DETERMINE A PREVAILING PARTY AND FOR A CALCULATION OF REASONABLE COSTS AND ATTORNEY FEES

■ Chemetics argues that this Court should determine that it is the prevailing party and award costs and attorney fees to it based upon calculations submitted to this Court. However, the determination of a prevailing party is within the discretion of the trial court, guided by the considerations in I.R.C.P. 54(d)(1)(B):

Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, *the trial court shall in its sound discretion consider the final judg-*

*ment or result of the action in relation to the relief sought* by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

I.R.C.P. 54(d)(1)(B) (emphasis added).

In this case the district court should evaluate the factors set forth in I.R.C.P. 54(d)(1)(B) to determine which, if either, party is the prevailing party, or the extent to which each party may have prevailed in part, and make its determination of costs and attorney fees to be awarded.

## V.

### CHEMETICS IS AWARDED ATTORNEY FEES AND COSTS ON APPEAL

■ Chemetics has requested an award of attorney fees on appeal. Section 12–120(3) of the Idaho Code requires that the court hearing any action arising out of a commercial transaction shall award a reasonable attorney fee to the prevailing party. The phrase "commercial transaction" is defined in the code as "all transactions except transactions for personal or household purposes." This Court has interpreted I.C. § 12–120(3), to mandate the award of attorney fees on appeal as well as at trial. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 275, 869 P.2d 1365, 1370 (1994). Chemetics is the prevailing party on appeal, and attorney fees and costs are awarded.

## VI.

### CONCLUSION

The judgment entered by the district court is vacated and remanded. Upon remand, the

district court is to determine the prevailing party pursuant to I.R.C.P. 54(d)(1)(B) and award costs and attorney fees accordingly.

Costs and attorney fees on appeal are awarded to Chemetics.

TROUT, C.J., and JOHNSON, McDEVITT and SILAK, JJ., concur.