IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42216

SKY CANYON PROPERTIES, LLC, an )
Idaho limited liability company; ROBERT C. )
SAMUEL; JOE K. DONALD and LISBETH )
LILLEMORE DONALD, husband and wife; )
WAYNE A. GIANOTTI and CAROLYN M. )
GIANOTTI, Trustees of the Gianotti )
Revocable Trust U-A dated January 29, 1991; )
RUSSELL M. WICKS and EVELYN L. )
WICKS, husband and wife; BUDDY C. )
STANLEY and JUDITH L. STANLEY, )
Trustees of the Stanley Family Trust dated )
February 26, 2004; CRAIG R. FALLON and )
M. ELLEN FALLON, husband and wife, )
 )
    Plaintiffs-Appellants, )
 )
v. )
 )
THE GOLF CLUB AT BLACK ROCK, LLC, )
an Idaho limited liability company )
 )
    Defendant-Respondent. )

Coeur d'Alene, August 2015

2015 Opinion No. 99

Filed: September 30, 2015

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

District court order denying attorney fees and costs on remand, <u>reversed</u> and <u>remanded.</u>

Lukins & Annis, PS, Coeur d'Alene, for appellants. Mischelle R. Fulgham argued.

John F. Magnuson, Coeur d'Alene, argued for respondent.

---

BURDICK, Justice

    This is an appeal from the district court's denial, upon remand, of Appellant's Memorandum of Attorney Fees and Costs. Appellant argues that the district court erred in ruling

that the court did not have jurisdiction to award fees and costs on remand. We agree with appellant and reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In prior proceedings, this Court reversed the district court's judgment in favor of The Golf Club at Black Rock (Golf Club) and its award of costs and attorney fees. *Sky Canyon Props., LLC v. Golf Club at Black Rock, LLC (Sky Canyon I)*, 155 Idaho 604, 605, 315 P.3d 792, 793 (2013). The remittitur issued to the district court stated: "IT IS HEREBY ORDERED that the District Court shall forthwith comply with the directive of the Opinion, if any action is required; and IT IS FURTHER ORDERED that Appellant's costs and fees on appeal will be addressed in a subsequent order." The Court then issued an Order Awarding Costs and Attorney Fees, stating: "IT HEREBY IS ORDERED that APPELLANTS-PLAINTIFFS' MEMORANDUM OF ATTORNEY'S FEES AND COSTS be, and hereby is, GRANTED and costs and attorney fees are awarded to Appellants and against Respondent as follows . . . ."

On remand, Sky Canyon submitted a Memorandum of Attorney's Fees and Costs to the district court, citing Idaho Rule of Civil Procedure 54(d) and (3) and section 24.8 of the parties' agreement, the Declaration of Covenants, Conditions, and Restrictions (CCRs), as the authority entitling it to an award of costs and attorney fees. The Golf Club filed an objection to Sky Canyon's fee request, arguing that Sky Canyon did not properly preserve a request for fees under the CCRs; that following remand, the district court no longer had jurisdiction to award pre-appeal fees; that there was no prevailing party; and that the fees requested were not reasonable. The district court held a hearing on the matter on April 15, 2014, and issued its decision on May 1, 2014, denying Sky Canyon's request for costs and fees.

In its ruling the district court relied heavily on *Star Phoenix Min. Co. v. Hecla Min. Co.*, 130 Idaho 223, 939 P.2d 542 (1997), and found that because this Court had been "silent" on the issue of whether Sky Canyon should be awarded its pre-appeal costs and fees on remand, the district court did not have the authority to make such an award. The court also found that it was not necessary for Sky Canyon to have made a fee request under the CCRs in its complaint, and that because the underlying suit was brought to interpret and enforce the CCRs, attorney fees were appropriate under section 24.8 of that agreement. Nevertheless, the district court found that Sky Canyon failed to properly preserve the issue of pre-appeal attorney fees because Sky Canyon's counsel failed to request such fees on its initial appeal to this Court.

2

The district court ultimately denied Sky Canyon's request for costs and fees because: (1) it had "failed to preserve the issue of attorney fees before the district court in its appeal to the Idaho Supreme Court" and (2) "because attorney fees before the district court was not an issue directed by the Idaho Supreme Court to be reviewed by this Court on remand . . . ." As a result, the district court did not reach the issues of determining "prevailing party" or "reasonableness" of the fees and costs requested. The district court issued its Order Denying Plaintiffs' Attorney Fees and Costs on May 15, 2014. Sky Canyon timely filed its notice of appeal on June 6, 2014.

## II. STANDARD OF REVIEW

On appeal, this Court exercises free review over issues of law. *Hoagland v. Ada Cnty.*, 154 Idaho 900, 906, 303 P.3d 587, 593 (2013). The determination of whether there is a statute or an express agreement between parties that authorizes an award of attorney fees is a question of law over which this Court exercises free review. *Am. West Enters. v. CNH, LLC*, 155 Idaho 746, 754–55, 316 P.3d 662, 670–71 (2013). The question of a trial court's jurisdiction "relating to the recovery of attorney fees or costs is one of law upon which an appellate court exercises free review." *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 130 Idaho 255, 257, 939 P.2d 574, 576 (1997).

## III. ANALYSIS

A.      <u>The District Court's Jurisdiction to Award Pre-Appeal Costs and Fees</u>

In concluding that it could not award pre-appeal costs and fees, the district court largely relied on the fact that the *Sky Canyon I* opinion did not direct it to do so. The district court found that "this silence by the Idaho Supreme Court was intentional and has significance when compared with the specific directive by the Idaho Supreme Court in *Star Phoenix*." In *Star Phoenix*, this Court, having reversed a jury verdict in favor of Star Phoenix, remanded to the trial court for entry of judgment in favor of Hecla, stating: "We award Hecla costs on appeal. On remand, we direct the trial court to award attorney fees, including those on appeal, to Hecla pursuant to I.C. § 12-120(3)." 130 Idaho at 233, 939 P.2d at 552. The district court concluded that because this Court did not similarly direct it to award costs or fees, it did not have the jurisdiction to do so. This is not the law.

Rather, the clear weight of authority directs that when there has been a change in the prevailing party due to reversal and this Court is "silent" regarding pre-appeal fees and costs the trial court is free to award the same. *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 474, 36 P.3d 218, 226 (2001) (noting that when an appeal changes the prevailing party, and

3

this Court does not pass on the question of pre-appeal attorney fees and costs, the trial court has "jurisdiction to make post-appeal determinations concerning costs which were otherwise unresolved"); *see also Hummer v. Evans*, 132 Idaho 830, 833, 979 P.2d 1188, 1191 (1999) ("[O]ur reversal of the verdict in [*Chemetics*] changed the prevailing party and thus granted the district judge jurisdiction to address any issue, like attorney fees, that was related to the result in the appeal.").

We find *Chemetics* instructive. In *Chemetics*, this Court explained: "After a general reversal, a trial court is free to correct any error in its original findings and conclusions as to matters not passed on by the appellate court." 130 Idaho at 257–58, 939 P.2d at 576–77 (quoting *Hutchins v. State*, 100 Idaho 661, 666, 603 P.2d 995, 1000 (1979)) (internal quotation marks omitted). The Court then noted that it had not passed on the question of whether Chemetics was entitled to attorney fees. *Id.* at 258, 939 P.2d at 577. It then adopted the reasoning of the Idaho Court of Appeals in a case where the appellate court's silence in a previous appeal on the matter of attorney fees led the district court to conclude it was powerless to award fees. *Id.* (citing *Indus. Inv. Corp. v. Rocca*, 102 Idaho 920, 643 P.2d 1090 (Ct. App. 1982)). The Court of Appeals had determined in that case, which arose out of a guaranty instrument provision for awarding fees, that the question of fees was a "subsidiary issue fairly comprised therein," quoting Idaho Appellate Rule 35(a)(3), and was still a "viable part of the case on remand." *Indus. Inv. Corp.*, 102 Idaho at 923, 643 P.2d at 1093. Applying that same reasoning to the issue of Chemetics' motion for fees on remand, this Court held: "when this Court reversed the jury verdict as to counts I and II, relieving Chemetics of liability, the question of attorney fees was a 'subsidiary issue fairly comprised therein.' " *Chemetics*, 130 Idaho at 258, 939 P.2d at 577. This Court concluded that the district court "had the jurisdiction to consider whether Chemetics was the prevailing party and to make an award of costs and attorney fees." *Id.*

Likewise, in this case, this Court's decision reversed the district court's judgment, changed the prevailing party, and abstained from passing on pre-appeal costs and fees.[1] Thus, the question of pre-appeal costs and fees became a "subsidiary issue fairly comprised therein" and

---

[1] This is in direct contrast to *Star Phoenix*. In *Star Phoenix*, Hecla, while not required to, chose to request pre-appeal fees when arguing before this Court and we specifically ruled on and awarded those fees. Further, also unlike here, *Star Phoenix* involved questions of both trial and post-trial issues, including fees and issues of sanctions and our ruling in that case served to clarify the various fees and sanctions to be awarded.

was still a "viable part of the case on remand." The district court plainly had jurisdiction to award attorney fees and costs.

**B.      Fees under the CCRs**

The Golf Club argues that Sky Canyon should have been able to seek attorney fees only under Idaho Code section 12-121, the sole fee request made in its Complaint. The Golf Club also argues that because Sky Canyon never sought fees under the CCRs in its pleadings it cannot do so now. The district court disagreed, finding that attorney fees were appropriate under section 24.8 of the CCRs.

Sky Canyon requested fees under the CCRs in its memorandum of costs and fees.[2] This Court has previously held that this is sufficient. The failure to request attorney fees from a specific source in the initial pleading "is not fatal to a fee claim in a contested matter." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 721, 117 P.3d 130, 135 (2005) ("[A] party need not have listed a specific attorney fee provision in its pleading in order to obtain a fee award under that provision upon prevailing in the litigation," (citing I.R.C.P. 54(e)(4) ("It shall not be necessary for any party in a civil action to assert a claim for attorney fees in any pleading . . . .")))). In *Eighteen Mile Ranch*, the defendants had cited the statutory authority for their fee request in their initial memorandum of costs and attorney fees. *Id.* This Court held that such a request adequately preserved the defendants' claim to attorney fees. *Id.*; *see also Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 544, 272 P.3d 512, 516 (2012) ("An appropriate time for a party claiming fees to provide the necessary statutory and case authority is in the memorandum in support of costs."). Thus, we uphold the district court's finding that the request for fees under section 24.8 of the CCRs in Sky Canyon's memorandum of costs was appropriate.

**C.      Necessity of Preserving Pre-Appeal Costs and Fees on Appeal**

After finding fees appropriate under section 24.8 of the CCRs the district court then found that Sky Canyon should be denied fees and costs because it "failed to preserve the issue of

---

[2] Section 24.8 of the CCRs allows for attorney fees as follows:

> 24.8. Recovery of Costs. If legal assistance is obtained to enforce any of the provisions of the Black Rock Documents, or in any legal proceeding (whether or not suit is brought) for damages or for the enforcement of the Black Rock Documents, the prevailing party will be entitled to recover all costs incurred by it in such action, including reasonable attorneys' fees and legal assistants' fees as may be incurred, or if suit is brought, as may be determined by the court.

Black Rock CCRs § 24.8, at 59.

attorney fees before the district court in its appeal to the Idaho Supreme Court." Again, this is simply not the law.

On reversal, the case is returned to its prior state, and any undecided issues appropriately identified at the trial court and not passed on by this Court may be decided. *Stearns v. Norton*, 70 Idaho 435, 437, 220 P.2d 1067, 1068 (1950) ("The effect of the reversal and remand for further appropriate action, was to restore the cause to the position it would have occupied had no judgment been entered.") (internal quotation marks omitted); *Hutchins*, 100 Idaho at 666, 603 P.2d at 1000 ("[T]his case was back to where it was when the original improvident summary judgment was granted . . . .").

Here, the issue of fees and costs was appropriately identified at the trial court and this Court did not pass on the determination of such pre-appeal fees and costs. Thus, when the district court's judgement was reversed, the parties returned to the positions they occupied before the "original improvident summary judgment was granted" and the district court was free to address the issue of fees and costs. There is no requirement that a party "preserve," or specifically request, pre-appeal fees and costs when arguing before this Court in order for the district court to hear the issue on reversal or vacation.

### D.    Costs and Fees on Appeal

Both parties have requested an award of costs and fees pursuant to section 24.8 of the CCRs. Sky Canyon is the prevailing party on appeal. Therefore, costs and fees are awarded to Sky Canyon pursuant to section 24.8 of the CCRs.

## IV. CONCLUSION

We reverse the district court's ruling that it did not have jurisdiction to award costs and fees. We also reverse the district court's ruling that Sky Canyon failed to preserve the issue of attorney fees before the district court. We remand for a determination of fees and costs for all proceedings before the district court. We also order the Administrative District Judge to appoint another district judge for all proceedings on remand.

Chief Justice J. JONES and Justices W. JONES and HORTON CONCUR.

Justice EISMANN, specially concurring.

I concur in the majority opinion, but write to add further reasons to show why the district court's decision on remand was ridiculous.

6

In the district court, "Attorney fees, when allowable by statute or contract, shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs." I.R.C.P. 54(e)(5). Costs are only allowed to a prevailing party. I.R.C.P. 54(d)(1)(A), (B). Any party who claims costs must timely file and serve a memorandum of costs on the adverse party. I.R.C.P. 54(d)(5).

Prior to the first appeal, the district court ruled in favor of The Golf Club by granting its motion for summary judgment and denying Sky Canyon's motion for summary judgment. The Golf Club then filed and served a memorandum of costs, and at that point it was clearly the prevailing party. Sky Canyon appealed. Obviously, Sky Canyon, as the losing party, had not requested costs in the district court, and it did not appeal to this Court the district court's failure to sua sponte award it costs. It did, however, request an award of attorney fees on appeal.

Sky Canyon prevailed on appeal, and this Court reversed the judgment of the district court. As a result, this Court held, "Because the appellants [Sky Canyon] are the prevailing party on appeal, they are entitled to an award of costs incurred, reasonable attorney fees, and legal assistant fees pursuant to section 24.8 of the CC&R's." *Sky Canyon Props., LLC v. Golf Club at Black Rock, LLC*, 155 Idaho 604, 610, 315 P.3d 792, 798 (2013). This Court did not decide the issue of whether Sky Canyon was entitled to an award of costs in the district court because that was not an issue on appeal.

Under the clearly stated existing law, once the case was remanded to the district court, Sky Canyon could request an award of costs, including attorney fees incurred in the district court. As we had explained over thirteen years earlier in *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 36 P.3d 218 (2001):

> **A.     The District Court Had Post-Appeal Jurisdiction To Determine The Prevailing Party And Award Costs.**
> The district court held that due to this Court's reversal of the original district court ruling in *Great Plains I*, it had jurisdiction to make a determination of what party was the prevailing party and whether the prevailing party was entitled to attorney fees. *See Hutchins v. State*, 100 Idaho 661, 603 P.2d 995 (1979) ("After a general reversal, a trial court is free to correct any error in its original findings and conclusions as to matters not passed on by the appellate court."); *see also J.R. Simplot Co. v. Chemetics Int'l*, 130 Idaho 255, 257, 939 P.2d 574, 576 (1997)(**Where this Court did not pass on the question of whether a party was or was not entitled to attorney fees as the prevailing party, the district court had jurisdiction to determine the prevailing party and award attorney fees accordingly**.); *see also Hummer v. Evans*, 132 Idaho

7

830, 833, 979 P.2d 1188, 1191 (1999)(**Where the reversal of a verdict in an appeal changed the prevailing party, the district judge had jurisdiction to address any issue, like attorney fees, that was related to the result in the appeal**.). The decision in *Great Plains I* **changed the prevailing party. Consequently, the district court had jurisdiction to make post-appeal determinations concerning costs which were otherwise unresolved**. The district court correctly found that NWP was the prevailing party as to the plaintiff-appellants involved in this appeal.

**B.**      **The Court's Remittitur In *Great Plains I* Did Not Preclude Any Further Award Of Attorney Fees.**

In its remittitur, this court wrote "no costs or attorney fees allowed." This represented a determination that no attorney fees would be allowed on appeal. The remittitur must remain consistent with the opinion and cannot go beyond the scope of the opinion. The opinion of *Great Plains I* established that the awards of costs and fees to the certain plaintiffs were to be vacated and that no attorney fees or costs were to be awarded on appeal. **The remittitur did not preclude the district court from making an award of costs and attorney fees.**

*Id.* at 473-74, 36 P.3d at 225-26 (emphases added).

The district court's ruling on remand would require the losing party to file a memorandum of costs seeking an award of court costs, including attorney fees. The prevailing party would then have to file a motion to disallow those costs; the district court would have to enter an order denying costs to the losing party because it was not the prevailing party; and the losing party would then have to appeal the order denying it costs in order to preserve the right to seek costs in the district court if the losing party in the district court prevails on appeal. That procedure would be ridiculous.