# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43081

| | | |
|---|---|---|
| STEVEN B. CUMMINGS, an individual residing in Utah, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | Boise, June 2016 Term |
| v. | ) ) | 2016 Opinion No. 97 |
| ROGER L. STEPHENS, an individual residing in Providence, Utah; and JOHN DOES, I-X, | ) ) ) ) | Filed: September 12, 2016 <br> Stephen Kenyon, Clerk |
| Defendants, | ) ) | |
| and | ) ) | |
| NORTHERN TITLE CO. OF IDAHO, INC., an Idaho Corporation; | ) ) ) | |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bear Lake County. Hon. David C. Nye, District Judge.

The judgment of the district court is affirmed.

Petersen Moss Hall & Olsen, Idaho Falls, for appellant. Nathan Olsen argued.

Bearnson & Caldwell, LLC, Logan, Utah, and Racine, Olson, Nye, Budge & Bailey, Chtd., Pocatello, for respondent. Aaron K. Bergman argued.

_____

HORTON, Justice.

In 2013, Steven Cummings prevailed against Northern Title Company of Idaho, Inc. (Northern Title) in proceedings before the district court and was awarded attorney fees and costs. Northern Title appealed, and this Court reversed the judgment. *Cummings v. Stephens*, 157 Idaho 348, 367, 336 P.3d 281, 300 (2014) (*Cummings I*). Following remittitur, in 2015 the district court awarded Northern Title attorney fees and costs and vacated its pre-appeal award of attorney fees and costs in favor of Cummings. Cummings appeals from these orders. We affirm.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

A more complete background for this case is contained in *Cummings I*. Roger and Barbara Stephens held title to two parcels of land as trustees for the Roger L. and Barbara L. Stephens Family Trust. *Cummings I*, 157 Idaho at 351, 336 P.3d at 284. The first parcel consisted of approximately 270 acres located on the west side of U.S. Highway 30, and the second parcel consisted of approximately 83 acres on the east side of the highway. *Id*. The Stephenses wished to sell the larger parcel. Their realtor asked Northern Title to begin initial title work, including preparation of a legal description of the parcel on the west side of the highway. *Id*.

The Stephenses agreed to sell the parcel to a third party. After Cummings expressed an interest in purchasing the property, the Stephenses' realtor provided him with copies of the real estate contract and the commitment for title insurance. *Id*. at 352, 336 P.3d at 285. "The legal description in both documents included the Stephenses' property on both sides of the highway and two additional parcels they did not own. Based upon the legal description in those documents, Mr. Cummings believed that the property being sold included both parcels of the Stephenses' property." *Id*. Cummings paid the third party $50,000 to assign its interest in the real estate contract. *Id*.

In the time between Cummings' agreement with the third party and the execution of the assignment, Northern Title became aware that the legal description erroneously included the Stephenses' property east of the highway and the two parcels of land they did not own. *Id*. Northern Title revised the legal description by inserting the words, "Except all of that portion of the following described land lying easterly of U.S. Highway 30." *Id*. Because of its location in the amended legal description, the new language excluded the two parcels of property not owned by the Stephenses but failed to exclude their parcel located east of the highway. *Id*.

Closing on the transaction occurred on August 3, 2007. Northern Title recorded a warranty deed granting Cummings the real property described in the revised legal description, which included the Stephenses' property on the east side of the highway. *Id*.

In November of 2007, when Mr. Stephens attempted to pay the property taxes for the 83 acres of land east of the highway, he was informed that he no longer owned the property. *Id*. Stephens informed Northern Title of the error in the legal description on the deed. *Id*. Following its recordation, Northern Title had retained the original deed from the Stephenses to Cummings.

2

*Id*. Northern Title altered the original deed to exclude all real property to the east of the highway from the legal description. *Id*. Northern Title then recorded the amended deed after unsuccessfully attempting to contact Cummings. *Id*. Northern Title then provided Cummings with a title insurance policy that insured only the property located to the west of the highway. *Id*.

Cummings brought suit against the Stephenses and eventually added claims against Northern Title. *Id*. at 352–53, 336 P.3d at 285–286. The district court dismissed all of Cummings' claims against the Stephenses. *Id.* at 353, 336 P.3d at 286. Following a court trial, the district court "found that Northern Title acted negligently as a title and abstract company, and it awarded Mr. Cummings damages in the sum of $50,000, which was the sum he had paid . . . to obtain an assignment of its contract to purchase the Stephenses' property." *Id.* The district court ordered Northern Title to pay Cummings' attorney fees and costs. *Id.* Cummings appealed and Northern Title cross-appealed. *Id.*

In *Cummings I*, we affirmed the district court's dismissal of Cummings' claims against the Stephenses and reversed the judgment against Northern Title. *Id.* at 367, 336 P.3d at 300. We reversed the district court's finding that Northern Title acted negligently as an abstractor of title because "[t]here is no evidence that Northern Title assumed the duty of being an abstractor of title. Therefore, the district court erred in awarding damages against it on that ground." *Id.*

Following this Court's remittitur, Northern Title moved for an award of attorney fees and costs before the district court. Cummings argued that the district court did not have the authority to revisit its pre-appeal fee award in the absence of specific direction from this Court. The district court disagreed, finding that it had the authority to revisit the previous award of attorney fees because the issue was subsidiary to the issues presented to this Court in *Cummings I*. On January 27, 2015, the district court entered a judgment for attorney fees and costs in favor of Northern Title against Cummings in the sum of $162,363.30.

On February 5, 2015, Northern Title brought an I.R.C.P. 60(b) motion to vacate the judgments for damages and attorney fees that the district court had entered against it before the appeal in *Cummings I*. Cummings objected, arguing that Northern Title's Rule 60(b) motion was untimely and without good cause. Once again, the district court disagreed and granted Northern Title's motion. Cummings timely appealed.

3

## II.     STANDARD OF REVIEW

"The question of a trial court's jurisdiction 'relating to the recovery of attorney fees or costs is one of law upon which an appellate court exercises free review.' " *Sky Canyon Properties, LLC v. Golf Club at Black Rock, LLC*, 159 Idaho 162, 164, 357 P.3d 1270, 1272 (2015) (*Sky Canyon II*) (quoting *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 130 Idaho 255, 257, 939 P.2d 574, 576 (1997) (*Chemetics II*)). The decision to grant I.R.C.P. 60(b) relief is reviewed under an abuse of discretion standard:

> The decision will be upheld if it appears that the trial court (1) correctly perceived the issue as discretionary, (2) acted within the boundaries of its discretion and consistent with the applicable legal standards, and (3) reached its determination through an exercise of reason. *Id.* "A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court." *Idaho State Police ex rel. Russell v. Real Property Situated in the County of Cassia*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007). Those factual findings will be upheld unless they are clearly erroneous. *Id.* "If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion." *Id.*

*Waller v. State, Dep't of Health & Welfare*, 146 Idaho 234, 237–38, 192 P.3d 1058, 1061–62 (2008).

## III.     ANALYSIS

Most of Cummings' argument asserts that the district court lacked jurisdiction to award Northern Title attorney fees following the remittitur from *Cummings I*. Cummings also asserts that the district court erred by granting Northern Title's request for I.R.C.P. 60(b) relief.

### A.  The district court had post-appeal jurisdiction to vacate Cummings' pre-appeal fee award and award pre-appeal fees to Northern Title.

The district court determined it had authority to revisit its previous award of attorney fees because the issue was subsidiary to this Court's remand in *Cummings I*. The district court stated:

> It just seems to me like I don't have much choice here but to go this way. And I'm not saying I wouldn't go this way if it was discretionary. It is discretionary. I am exercising my discretion. But after the Supreme Court's decision that said that it was wrong of me to award [$]50,000 to the plaintiff, there's no way I can hold the plaintiff as a prevailing party, and I find that Northern Title prevailed and order the cost[s] and fees as I've outlined.

Cummings contends that the district court lacked jurisdiction to vacate Cummings' pre-appeal award of attorney fees because this Court's decision "did not change the prevailing party or did not explicitly vacate or reverse the pre-appeal awarding of attorney fees and costs to Northern

Title." Cummings also argues the district court erred by awarding Northern Title attorney fees in connection with proceedings prior to the appeal for similar reasons.

Cummings' arguments ignore this Court's earlier decisions. In *Sky Canyon II*, we held that "the clear weight of authority directs that when there has been a change in the prevailing party due to reversal and this Court is 'silent' regarding pre-appeal fees and costs the trial court is free to award the same." *Sky Canyon II*, 159 Idaho at 164, 357 P.3d at 1272. *Sky Canyon II* was not the first time that this Court addressed similar claims. Fifteen years ago, we noted a considerable body of case law from this Court on this subject:

> The district court held that due to this Court's reversal of the original district court ruling in *Great Plains I*, it had jurisdiction to make a determination of what party was the prevailing party and whether the prevailing party was entitled to attorney fees. *See Hutchins v. State*, 100 Idaho 661, 603 P.2d 995 (1979) ("After a general reversal, a trial court is free to correct any error in its original findings and conclusions as to matters not passed on by the appellate court."); *see also J.R. Simplot Co. v. Chemetics Int'l*, 130 Idaho 255, 257, 939 P.2d 574, 576 (1997) (Where this Court did not pass on the question of whether a party was or was not entitled to attorney fees as the prevailing party, the district court had jurisdiction to determine the prevailing party and award attorney fees accordingly.); *see also Hummer v. Evans*, 132 Idaho 830, 833, 979 P.2d 1188, 1191 (1999) (Where the reversal of a verdict in an appeal changed the prevailing party, the district judge had jurisdiction to address any issue, like attorney fees, that was related to the result in the appeal.). The decision in *Great Plains I* changed the prevailing party. Consequently, the district court had jurisdiction to make post-appeal determinations concerning costs which were otherwise unresolved.

*Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 473–74, 36 P.3d 218, 225–26 (2001) (*Great Plains II*).

In *Cummings I*, we concluded our substantive analysis with a simple statement: "We reverse the judgment against Northern Title. Because the remaining issues raised by Northern Title in its cross-appeal sought to reverse the award of damages for other reasons, we need not address those issues." *Cummings I*, 157 Idaho 348, 367, 336 P.3d 281, 300 (2014). Because we reversed the judgment in Cummings' favor, he was no longer the prevailing party. The district court had post-appeal jurisdiction to address Northern Title's claim for attorney fees and costs.

Cummings correctly points out that in earlier decisions we have expressly vacated or reversed a lower court's award of attorney fees and that we were silent as to the issue in *Cummings I. See Sky Canyon Properties, LLC v. Golf Club at Black Rock, LLC*, 155 Idaho 604, 610, 315 P.3d 792, 798 (2013) (*Sky Canyon I*) (expressly reversing award of attorney fees);

*Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 132 Idaho 754, 775, 979 P.2d 627, 648 (1999) (*Great Plains I*) (expressly vacating attorney fees award); *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 126 Idaho 532, 536, 887 P.2d 1039, 1043 (1994) (*Chemetics I*) (expressly vacating attorney fees award). Cummings reads too much into our silence in *Cummings I*.

Cummings relies heavily on this Court's decision in *Hummer v. Evans*, 132 Idaho 830, 979 P.2d 1188 (1999) (*Hummer II*), to challenge the district court's award of pre-appeal attorney fees to Northern Title. Such reliance is misplaced. There, in the initial proceedings before the district court, the district court "declined to award attorney fees [to Hummer] under I.C. § 12-117 or I.C. § 12-121" because it did not find the defendant's defense of the action to be frivolous. *Id.* at 832, 979 P.2d at 1190. In *Hummer v. Evans*, 129 Idaho 274, 923 P.2d 981 (1996) (*Hummer I*), this Court considered an amended judgment following a court trial. *Id.* at 278, 923 P.2d at 985. The order denying Hummer's request for attorney fees was not an issue in the appeal. *Hummer II*, 132 Idaho at 832, 979 P.2d at 1190. Instead, in *Hummer I* this Court reversed the district court's order granting Hummer's motion to alter or amend judgment by increasing the award of damages. *Hummer I*, 129 Idaho at 281, 923 P.2d at 988. When the case was back before the district court for entry of an amended judgment removing the award of additur damages, Hummer claimed to be entitled to attorney fees based upon a different statute, Idaho Code section 12-120(3). *Hummer II*, 132 Idaho at 832, 979 P.2d at 1190. The district court denied Hummer's motion, holding that because "Hummer had never made a motion for attorney fees based on I.C. § 12-120(3) ... and never appealed the failure to award attorney fees based on I.C. § 12-120(3), the judge was without power to award fees under I.C. § 12-120(3)." *Id.* Hummer appealed from this decision.

We affirmed, explaining that the issue of Hummer's entitlement to attorney fees was not a subsidiary issue before the district court. Instead, the district court's authority was limited to amending the judgment in a fashion consistent with this Court's decision. *Id.* at 833, 979 P.2d at 1191. We explained that our decision in *Hummer I* did not "in and of itself change[] the prevailing party and thus grant[] the district judge jurisdiction to address any issue." *Id.* Unlike *Hummer II*, our ruling in *Cummings I* "in and of itself changed the prevailing party and thus granted the district judge jurisdiction" to address attorney fees. To paraphrase in terminology prevalent in this year's presidential race, our decision made Cummings "a loser," not "a winner."

Cummings also argues that this Court's denial of Northern Title's petition for rehearing supports his claim that his pre-appeal fee award stands. In its petition for rehearing, Northern Title asked this Court to vacate the award of attorney fees against it and declare Northern Title to be the prevailing party. This Court denied the petition for rehearing, and our remittitur simply stated that "the District Court shall forthwith comply with the directive of the Opinion, if any action is required." Our denial of the petition for rehearing did not represent a decision on the merits and had no preclusive effect as to Northern Title's ability to request the district court to reconsider its determination as to which party prevailed. Indeed, we denied the petition because it was apparent to us that the district court could revisit its earlier prevailing party determination in light of our reversal of the judgment upon which that determination was based.

Cummings also argues that the district court erred by refusing to reopen proceedings for the "reinstatement of damages" against Northern Title "based on a correct theory." Cummings' argument on this point runs afoul of our rule that "issues on appeal are not considered unless they are properly supported by both authority and argument." *H.F.L.P., LLC v. City of Twin Falls*, 157 Idaho 672, 686, 339 P.3d 557, 571 (2014). Cummings provides no authority in support of his request for an opportunity for a "do-over" in district court. We cannot help but note that Cummings' argument is doubly deficient: not only did he fail to provide authority for the proposition that the district court erred by refusing to reopen proceedings, he has failed to identify "a correct theory" upon which he might be entitled to relief.

For the foregoing reasons, we hold that the district court had jurisdiction to vacate Cummings' pre-appeal fee award and award pre-appeal fees to Northern Title.

### B. Cummings has failed to demonstrate that the district court abused its discretion by granting Northern Title's request for I.R.C.P. 60(b) relief.

On February 5, 2015, Northern Title brought an I.R.C.P. 60(b) motion to vacate the pre-appeal judgments awarding Cummings damages and costs and fees. The district court granted the motion by order dated February 20, 2015. The district court found the motion to be timely and relief to be warranted under Rules 60(b)(4) and 60(b)(5) of the Idaho Rules of Civil Procedure. Cummings appeals from this order. The entirety of his argument on this issue in his opening brief is the following paragraph:

> After the appeal was concluded on November 5, 2014, Northern Title did not file a motion to vacate the pre-appeal award of attorneys fees and costs to Cummings. Further, it did not even raise the issue in the January 2, 2015, hearing. It instead filed a IRCP § 60(b) motion after the district court had entered its

"Third Amended Final Judgment" on January 27, 2015. In so doing, Northern Title failed to meet the burden of demonstrating good cause for relief under a Rule 60(b) motion. *Lowe v. Lynn*, 103 Idaho 259, 263, 646 P.2d 1030, 1034 (Ct. App. 1982). Relief under Rule 60(b) lies only for mistakes of fact, not mistakes of law. *Berg v. Kendall*, 147 Idaho 571, 577, 212 P.3d 1001, 1007 (2009). Additionally, gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b) relief. *Ade v. Batten*, 126 Idaho 114, 118, 878 P.2d 813, 817 (Ct App. 1994). Northern Title provided no such "good cause" to justify its tardiness under any of the conditions set forth in IRCP § 60(b) Motion, and it was therefore inappropriate for the district court to grant the motion – particularly without any opportunity for Cummings to respond to the substance of the motion.[1]

This Court has often stated: "We will not consider assignments of error not supported by argument and authority in the opening brief." *See e.g. Hogg v. Wolske*, 142 Idaho 549, 559, 130 P.3d 1087, 1097 (2006). This conclusory argument is fatally deficient, Cummings does not identify the applicable standard of review, much less attempt to apply it. The applicable standard of review requires us to consider whether the district court abused its discretion. "The burden of showing the trial court abused its discretion rests with the appellant." *Walker v. Boozer*, 140 Idaho 451, 456, 95 P.3d 69, 74 (2004). Cummings makes no attempt to address the matters we consider when evaluating a claimed abuse of discretion. He does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it or that the district court did not reach its decision by an exercise of reason. *See Charney v. Charney*, 159 Idaho 62, 64, 356 P.3d 355, 357 (2015).

Further, Cummings does not dispute the district court's findings of fact. "A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court, whose factual findings will be upheld unless they are clearly erroneous." *Idaho State Police ex rel. Russell v. Real Prop. Situated in Cnty. of Cassia*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007). In short, Cummings has failed to advance any meaningful argument that the district court abused its discretion by granting Northern Title's request for I.R.C.P. 60(b) relief. Therefore, his claim that the district court erred fails.

### C. We award Northern Title attorney fees on appeal.

---

[1] In his reply brief, Cummings asserts a new claim that the district court denied Cummings due process by providing him no opportunity to respond to Northern Title's I.R.C.P. 60(b) motion in disregard of Cummings' rights under I.R.C.P. 7(b)(3). This argument is waived due to Cummings' failure to raise it in his opening brief. *See Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004).

Both parties request fees on appeal. Cummings requests attorney fees on appeal under Idaho Code section 12-120(3). We deny this request because Cummings has not prevailed in this appeal.

Northern Title has prevailed in this appeal. It requests attorney fees on appeal under Idaho Code sections 12-120(3) and 12-123. "Section 12–123 does not apply on appeal to this Court." *Bird v. Bidwell*, 147 Idaho 350, 353, 209 P.3d 647, 650 (2009). In *Cummings I*, this Court awarded attorney fees to Northern Title pursuant to Idaho Code section 12-120(3) because Cummings' lawsuit "was an action to recover in a commercial transaction." *Cummings I*, 157 Idaho 348, 367, 336 P.3d 281, 300 (2014). For the same reason, we award Northern Title attorney fees in this appeal.

## IV.    CONCLUSION

We affirm the district court's judgment awarding attorney fees to Northern Title and the district court's order granting Northern Title I.R.C.P. 60(b) relief. We award attorney fees and costs to Northern Title.

Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

CHIEF JUSTICE J. JONES, concurring in part and dissenting in part.

I concur in the Court's opinion, except for the award of attorney fees on appeal to Northern Title. I dissent from the fee award on the same grounds set out in my separate opinion in *Cummings v. Stephens*, 157 Idaho 348, 368–69, 336 P. 3d 281, 301–02 (2014) (*Cummings I*). In *Cummings I*, I read the escrow agreement as waiving any claim for attorney fees against Cummings where the fees resulted from gross negligence on the part of Northern Title. I opined that Northern Title was, indeed, grossly negligent in handling the transaction. However, I agree with the Court in this appeal that Cummings has failed to present a meritorious challenge to the district court's handling of attorney fee issues on remand. Cummings did not challenge the district court's fee award based on the language of the escrow agreement.

9