# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49472

| | | |
|---|---|---|
| VICTORIA ELIZABETH PLASSE, | ) | |
| | ) | Filed: November 30, 2022 |
| Petitioner-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| MICHAEL L. REID, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Steven W. Boyce, District Judge. Jason D. Walker, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming the magistrate court's judgment and decree of divorce, <u>affirmed</u>.

Michael L. Reid, Victor, pro se appellant.

Smith Woolf Anderson and Wilkinson, PLLC; Dennis P. Wilkinson, Idaho Falls, for respondent.

_____

HUSKEY, Judge

Michael L. Reid appeals from the district court's decision, on intermediate appeal, affirming the magistrate court's judgment and decree of divorce. Reid alleges the magistrate court abused its discretion in admitting and considering the parenting time evaluation in its decision supporting its judgment and decree of divorce. Invited claims of error will not be reviewed on appeal. Reid's challenge to the magistrate court's admission and consideration of the parenting time evaluation is unpreserved and, thus, unreviewable. The district court's decision affirming the magistrate court's judgment and decree of divorce is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Reid and Victoria Plasse were married and had one minor child together. In 2019, Plasse filed for divorce, citing irreconcilable differences, and requested joint legal and primary physical

1

custody of the child. Reid responded to Plasse's divorce petition, requesting primary legal and physical custody of the child and the appointment of a parenting time evaluator. Thereafter, Reid filed a motion requesting the appointment of a parenting time evaluator and, after a hearing, the magistrate court entered an order for a parenting time evaluation and appointed an evaluator.[1] The evaluator filed a twenty-four page evaluation with the magistrate court. Reid subsequently filed a document entitled "Objections to Parenting Time Evaluation," which raised several objections to the factual findings in the parenting time evaluation. Reid did not ask for the magistrate court to exclude the parenting time evaluation or strike claimed inaccuracies, but rather, he "wish[ed] the Court to consider" his outlined concerns.

The matter proceeded to a five-day trial; the primary issue revolved around the custody and visitation schedule of the child. During the trial, Plasse moved to admit the parenting time evaluation, and Reid stipulated to its admission. The evaluation concluded the child was more comfortable around Plasse, Plasse was better equipped to meet the child's needs, and Reid engaged in behavior that alienated the child from Plasse. The evaluator recommended Plasse receive primary physical custody of the child, Reid receive visitation every other weekend and two days a week after school on the weeks where Reid did not have weekend visitation, and a shared holiday schedule. Reid disagreed with these recommendations.

After the trial, the magistrate court entered its decision. The magistrate court considered the parenting time evaluation in making its decision, but did not adopt the evaluator's recommendations in whole, finding the parties should have joint legal and physical custody of the child. The magistrate court concluded that visitation should be set by stipulation and agreement of the parties but in the event no agreement could be reached, the court ordered that Plasse have primary physical custody of the child, with a prescribed visitation schedule for the school year, summer, and holidays. The magistrate court entered a judgment and decree of divorce and an amended judgment and decree on December 8, 2020 (12/8/20 judgment).

On December 10, 2020, Reid appealed to the district court and alleged the parenting time evaluation should have been excluded before trial and should not have been considered in the

---

[1]     Neither Reid's motion for appointment of a parenting time evaluator nor the magistrate court's order appointing the evaluator are in the record; however, the district court's opinion recites this procedural history, which is not disputed on appeal. Further, Reid testified at the trial that he originally moved for the appointment of a parenting time evaluator.

magistrate court's custody and visitation determination. Specifically, Reid alleged the parenting time evaluation was deficient because the evaluator did not adhere to the requirements of Idaho Rules of Family Law Procedure 1004 and the Association of Family and Conciliation Courts (AFCC) guidelines when creating the report. While Reid's appeal to the district court was pending, he also filed various motions in the magistrate court, requesting modifications of child support and the child custody schedule. Plasse filed an answer and counter petition and a motion for contempt on April 12, 2021.

On intermediate appeal, the district court found Reid did not raise his challenge to the admission of the parenting time evaluation before the magistrate court and therefore his claim was unpreserved for appeal. Accordingly, the district court affirmed the magistrate court's judgment and divorce decree. Reid timely appealed. However, while Reid's appeal from the district court's decision was pending, the magistrate court held a three-day modification trial in response to Reid's and Plasse's 2021 filings for modification. During the modification trial, a different evaluation from a different evaluator was admitted and the evaluator testified. The magistrate court entered an amended judgment and decree of divorce on May 31, 2022 (5/31/22 judgment).

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Reid alleges the magistrate court abused its discretion in admitting and considering the parenting time evaluation in its decision supporting its 12/8/20 judgment because it failed to comply with various rules and standards governing such evaluations and that this challenge to the

evaluation is preserved for appeal.[2]  In response, Plasse argues that Reid's claims concerning the parenting time evaluation are now moot as the order from which Reid appealed has been superseded by a subsequent order which was based on a different evaluation and the parties are now bound by the magistrate court's 5/31/22 judgment.  Second, Plasse argues Reid waived consideration of his claims because he did not provide a standard of review or address the district court's decision in his appellant's brief.[3]  Third, Plasse asserts the district court did not err in

---

[2]      In the conclusion of his opening brief, Reid alleges the district court erred in awarding Plasse attorney fees and costs on intermediate appeal.  However, Reid did not include a challenge to the district court's award of attorney fees in his statement of issues, he did not provide argument and authority in the main body of his brief, and he only references this issue in one sentence in the conclusion of his opening brief.  The failure of an appellant to include an issue in the statement of issues required by Idaho Appellate Rule 35(a)(4) will eliminate consideration of the issue from appeal.  *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991).  While this rule may be relaxed, where the issue is argued in the briefing and citation to authority is provided, *Everhart v. Washington Cnty. Rd. and Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997), Reid provides no such argument or authority to support his allegation of error and, further, the judgment awarding attorney fees and costs is not included in the record on appeal.  It is the responsibility of the appellant to provide a sufficient record to substantiate his claims on appeal.  *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997).  In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error.  *Id.*  Accordingly, we will not address this claim further.

[3]      Plasse argues that Reid waived consideration of this claim by not providing a standard of review or addressing the district court's decision in his opening brief.  An appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal.  *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016).  If an appellant fails to articulate or provide analysis relating to the relevant standard of review, the appellant's argument is conclusory which is fatally deficient to the party's case.  *State v. Byrum*, 167 Idaho 735, 739-40, 476 P.3d 402, 406-07 (Ct. App. 2020).

Here, as Reid concedes in his reply brief, his appellant's brief did not provide a standard of review and his statement of issues only asserted that the magistrate court abused its discretion, instead of that the district court erred as required under the relevant standard of review.  However, throughout his appellant's brief, Reid makes various references to the district court's decision and argues, in contrast to the district court's decision, that his challenge to the admission of the parenting time evaluation is preserved.  As such, Reid alleges, albeit imprecisely, error by both the magistrate court and the district court; the magistrate court abused its discretion in admitting and considering the parenting time evaluation and the district court erred in finding his challenge to the evaluation was unpreserved.  Under these circumstances, Reid applied a proper standard of review and, as such, he did not waive consideration of his claims by failing to include a standard of review in his opening brief.  *See State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019) (explaining failure to recite standard of review not fatal if parties make arguments that apply proper standard of review).

4

finding that Reid's claims were unpreserved and, even if the claims are addressed on the merits, the parenting time evaluation complied with the applicable rules. Plasse requests attorney fees and costs on appeal.

## A. Reid's Claim Related to the Admission and Consideration of the Parental Time Evaluation is Unpreserved

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Further, under the doctrine of invited error, we will not review an alleged error for which the appellant's own conduct induced the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*. Pro se litigants are held to the same standards as those litigants represented by counsel and are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009).

Here, Reid never requested the magistrate court exclude the parenting time evaluation. Prior to the original trial, Reid filed a document entitled "Objections to Parenting Time Evaluation" in which Reid made several objections to factual findings included in the evaluation and omissions in the report. However, at no point prior to trial did Reid object to the admission of the parenting time evaluation in the record or move to exclude it. Instead, Reid requested the magistrate court "consider" his enumerated concerns.

Moreover, during the trial, Reid stipulated to the admission of the parenting time evaluation into evidence:

| | |
|---|---|
| Court: | Exhibit 2 has been handed to the witness. |
| Plasse's Counsel: | Okay. And I think, per rule, Exhibit No. 2 is automatically admitted. |
| Court: | Mr. Reid, do you want to be heard on that? |
| Reid: | I think I stipulated to Exhibit 2. |
| Plasse's Counsel: | He did. |
| Court: | Okay. By Court order it does come in. When the Court orders the parenting time evaluation and the Court's expert, it becomes part of the record subject to--obviously to the party's right to call and cross-examine the evaluator. So it will be admitted. |

On appeal, Reid states his decision to stipulate to the admission of the parenting time evaluation was part of his trial strategy because its admission was an essential component to his case:

the only opportunity to have [the evaluator] admit on the record that she spent a fraction of the time with parties that her contract called for, didn't call **_any_** collateral contacts, didn't inform Respondent about what the Petitioner had said about him, and the other violations of Rule 719 and AFCC guidelines was to in fact call her as a witness at the trial. In calling her as a witness, she needed to be able to view and discuss the report and so it needed to be admitted as an exhibit. When all the facts came out, during her testimony, it became even more apparent that the report was fatally flawed and the exact reasons why it was in fact so flawed.

Reid asserts that he desired to raise what he viewed as factual inaccuracies and omissions to the parenting time evaluation during the trial and, as such, the admission of the evaluation was "[t]he only way, in my mind, to prove what my Objection contended was to admit the document so it could be used to examine [the evaluator]." As such, Reid acknowledges on appeal that "it is true that I didn't, during the Objection, ask for the [parenting time evaluation] to be excluded from the trial and it is also true that I allowed admission of the report at trial."

Because Reid did not move to exclude the parenting time evaluation as evidence prior to trial or object to its admission during trial and expressly wanted to admit the evaluation as part of his trial strategy, Reid did not preserve a challenge to the evaluation's admission and invited any error he now alleges occurred.[4] Accordingly, his claim is unreviewable on appeal.

**B.**     **Plasse is Awarded Attorney Fees and Costs on Appeal**

Idaho Appellate Rule 40 provides, with certain inapplicable exceptions, that costs must be awarded to the prevailing party on appeal. Additionally, an award of attorney fees may be granted under Idaho Code § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Reid pursued a claim that is unpreserved and, thus, unreviewable and provided an incomplete appellate record for our review. Reid challenges the admission of the evaluation, he actively sought to admit and which was admitted pursuant to a stipulation. Despite this, Reid continued to appeal the magistrate court's decision to admit the evaluation. Under these

---

[4]     Although Reid alleges that he preserved his challenge to the admission and consideration of the parenting time evaluation through his post-trial briefing, a post-trial motion based on the admission of evidence to which the party did not object during trial is not a sufficient means of preserving a challenge to the admitted evidence. *State v. Higgins*, 122 Idaho 590, 596 836 P.2d 536, 542 (1992). Further, even if it were appropriate to raise such an objection in post-trial briefing, Reid's post-trial brief is not included in the record on appeal. As previously articulated, in the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Powell*, 130 Idaho at 127, 937 P.2d at 439.

circumstances, we find that Reid brought this appeal frivolously, unreasonably, and without foundation. Attorney fees and costs are awarded to Plasse on appeal.

## IV.

## CONCLUSION

Reid's challenge to the magistrate court's admission and consideration of the parenting time evaluation is unpreserved and, thus, unreviewable. The district court's decision affirming the magistrate court's judgment and divorce decree is affirmed. Attorney fees and costs are awarded to Plasse on appeal.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

7