**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52013**

| | |
|---|---|
| DOUGLAS K. FREELAND, ) | |
| ) | Filed: November 13, 2025 |
| Plaintiff-Counterdefendant- ) Appellant, ) | |
| ) | Melanie Gagnepain, Clerk |
| ) | |
| v. ) | THIS IS AN UNPUBLISHED |
| ) | OPINION AND SHALL NOT |
| AGRICULTURAL SERVICES, INC., ) | BE CITED AS AUTHORITY |
| ) | |
| Defendant-Couterclaimant- ) Respondent. ) | |
| ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Cody L. Brower, District Judge.

Judgment granting quiet title to property, <u>affirmed</u>.

Douglas K. Freeland, Grace, pro se appellant.

Baker & Harris; Jared M. Harris, Blackfoot, for respondent.

_____

LORELLO, Judge

Douglas K. Freeland appeals from the district court's judgment granting quiet title to property following a sheriff's sale. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a piece of property located in Bear Lake County, Idaho. The property was previously owned by Freeland. It was subsequently foreclosed on by the tertiary lienholder Agricultural Services, Inc. (AGI) and was ultimately purchased by AGI after a sheriff's sale held on June 5, 2020. The sheriff's certificate of sale was accepted and recorded by a deputy recorder but was not notarized. Thereafter, the Bear Lake County Recorder wrote "cancelled" on the certificate after it was recorded because she realized it should not have been recorded without the

1

notarization. She also directed the deputy recorder to contact the person who requested the filing of the sheriff's certificate of sale to let them know.

AGI took possession of the property subject to two senior liens. Freeland was the obligor on the notes with the senior lienholders. Freeland made payments totaling $16,334.77 to the most senior lienholder in the years 2020, 2021, and 2022. Freeland made payments totaling $683.49 for property taxes levied on the property in 2021 and 2022. Freeland made payments totaling $889.13 to the irrigation district for water usage on the property in 2021 and 2022.

In September 2021, Freeland was notified by email that AGI was willing to convey the property back to Freeland for payment. Freeland continued to make payments for property taxes, for water usage, and to the senior lienholders after receiving the email. This email also provided notice that the property had been leased to a third party after the sheriff's sale. The third party leased the property for farming in 2020. Thereafter, Freeland farmed the property in 2021 and 2022 and removed hay from the property, although the parties dispute the value of the hay.

In January 2023, Freeland filed suit against AGI asserting unjust enrichment for the value of payments made by Freeland for property taxes, for water usage, and to the senior lienholders to he made after the sheriff's sale. AGI filed a counterclaim for unjust enrichment for the value of the crops Freeland took from the property. Prior to trial, AGI moved for summary judgment on the issue of ownership of the property as of the date of the sheriff's sale. The district court granted summary judgment in favor of AGI, determining that AGI was the owner of the property as of June 5, 2020. The district court reasoned that the sheriff's certificate of sale was recorded and that, even if recorded improperly, the district court did not draw an inference from the evidence that such failure would cause Freeland to believe he was the owner of the property. The district court did not find Freeland's contrary testimony credible, particularly in light of prior inconsistent statements made by Freeland.

The district court held a bench trial on the parties' motions for unjust enrichment. The district court found that AGI was not unjustly enriched by payments made by Freeland for property taxes, for water usage, and to the senior lienholders. While the district court found that Freeland was unjustly enriched by taking crops from the property when it was owned by AGI, it did not award damages because AGI failed to prove with reasonable certainty the value of the removed crops. The district court subsequently entered an order granting quiet title to the property to AGI

2

as of the date of the sheriff's sale and denying both parties' claims of unjust enrichment. Freeland appeals.

## II.

## STANDARD OF REVIEW

Where a trial court sits as a finder of fact without a jury the court is required to enter findings of fact and conclusions of law. I.R.C.P. 52(a); *Est. of Hull v. Williams*, 126 Idaho 437, 440, 885 P.2d 1153, 1156 (Ct. App. 1994). Because of the district court's role as trier of fact in a bench trial, its findings of fact will be liberally construed on appeal in favor of the judgment entered. *Clayson v. Zebe*, 153 Idaho 228, 232, 280 P.3d 731, 735 (2012). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997). Thus, our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991).

This Court reviews rulings on equitable remedies for an abuse of discretion. *Wadsworth Reese, PLLC v. Siddoway & Co., PC*, 165 Idaho 364, 372, 445 P.3d 1090, 1098 (2019). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A.    Unjust Enrichment

Freeland asserts the district court erred with respect to its unjust enrichment analysis. In particular, Freeland contends he is entitled to reimbursement of the money paid toward the liens, which he asserts moved with the property. He further argues he is entitled to reimbursement for money he spent for water usage and property taxes. According to Freeland, if the sheriff's certificate of sale had been properly recorded, AGI would have received the water assessment bills and tax notices. AGI responds that Freeland's appeal should be "dismissed" for failure to cite a standard of review or authority. Alternatively, AGI argues that the district court properly determined AGI was not unjustly enriched. We conclude the district court did not abuse its discretion when it ruled AGI was not unjustly enriched by payments made by Freeland.

In support of its assertion that Freeland's appeal should be dismissed, AGI relies on *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). In *Cummings*, the Idaho Supreme Court stated that appellant's "conclusory argument" was "fatally deficient" because the appellant did "not identify the applicable standard of review, much less attempt to apply it." *Id.* As such, the Court rejected the appellant's claim that the district court erred. AGI contends that Freeland's appeal should suffer the same fate because he failed to cite or apply the correct standard of review. However, since *Cummings*, the Idaho Supreme Court disavowed an interpretation of Idaho case law that would require "a formalistic recitation of the standard of review" and observed that the "real concern of this Court is whether an appellant's arguments are supported with relevant argument and authority." *State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019). Although Freeland's failure to cite or apply the standard of review may not be "fatally deficient," his failure to cite any argument or authority is. In his opening brief, Freeland does not cite a single legal authority to support any of his claims. Although Freeland uses the phrase "unjust enrichment" in the argument section of his brief, he does not support his arguments with any authority. Instead, he separately includes a "Table of Cases and Authorities" without any particular application to the facts of this case. We decline to consider arguments unsupported by authority. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (explaining that a party waives an issue on appeal if either argument or authority is lacking).

Even if Freeland's separate list of "cases and authorities" could be considered sufficient argument, he has failed to establish the district court erred in denying his claim of unjust enrichment. To establish a claim for unjust enrichment, a plaintiff must prove: (1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof. *Turcott v. Est. of Bates*, 165 Idaho 183, 190, 443 P.3d 197, 204 (2019); *Lincoln Land Co., LLC v. LP Broadband, Inc.*, 163 Idaho 105, 109, 408 P.3d 465, 469 (2017). Thus, to recover damages for unjust enrichment, the complaining party must establish that the equities of the case would otherwise make it unfair for the recipient of the enrichment to receive a benefit without making compensation for the value of that benefit. *Turcott*, 165 Idaho at 190, 443 P.3d at 204. Freeland contends he has met all three elements of unjust enrichment because he conferred a benefit, the benefit was appreciated by AGI, and AGI accepted the benefit without question.

The district court found that Freeland met his burden as to the first two elements of unjust enrichment. Specifically, the district court found a benefit was conferred upon AGI as it no longer owned an encumbered piece of property after Freeland met his debt obligations to the senior lienholders. As to the second element, the district court found AGI received an appreciation of this benefit since the property could no longer be foreclosed upon by the senior lienholders and could be sold or reserved without an encumbrance.

The district court, however, concluded Freeland failed to meet the third element of unjust enrichment. The district court concluded it was not inequitable for AGI to accept and retain the benefit without reimbursement to Freeland for his payments to the senior lienholders. The district court reasoned that Freeland acknowledged that he owed the debts to the senior lienholders prior to the sale of the land and that he failed to provide any evidence that he was no longer obligated to pay off the debts to the senior lienholders upon the sale of the property. The only evidence Freeland offered on this point was his own testimony that he believed the debts transferred with the land. This testimony was rebutted by AGI's expert witness, who testified that there is no unjust enrichment when an outside party makes a payment on a property that reduces a lien for a debt for which that party is obligated.

5

The district court also found that Freeland failed to meet the third element of unjust enrichment as to the payments Freeland made toward property taxes and water usage. The district court determined that, despite Freeland's claimed belief that he still owned the land after the sheriff's sale, his payments toward property taxes and water usage enabled him to continue to farm and gain the benefit of the property absent a tax sale, use, or water rights. The district court considered that there was no evidence showing the amount the property was leased for in 2020 or could have been leased for in 2021 or 2022. While Freeland testified that the cost to replace the hay in 2020 was $15,000, the vice president of AGI testified the value of the loss of hay was approximately $26,000. Regardless of the dispute as to the value of the benefit Freeland received from his continued use of the land, it was far exceeded by the amount Freeland paid for water usage and property taxes.

The district court's factual findings are supported by substantial and competent evidence. The district court did not abuse its discretion when ruling that it was not inequitable for AGI to accept the benefit it received without reimbursement to Freeland for payments for property taxes, for water usage, and to the senior lienholders. Based on the evidence presented, the district court properly concluded Freeland failed to show AGI was unjustly enriched.

**B.      Costs and Attorney Fees**

AGI argues it is entitled to an award of attorney fees under I.C. § 12-121 because Freeland failed to set forth the standard of review, failed to show how the district court abused its discretion, and failed to show there were not sufficient facts to support the district court's findings. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. We cannot conclude that Freeland brought the appeal frivolously, unreasonably, or without foundation. Therefore, an award of attorney fees is improper. AGI is entitled to costs as the prevailing party. *See* I.A.R. 40.

**IV.**

**CONCLUSION**

Freeland has failed to show the district court abused its discretion when granting quiet title to AGI and denying his claim for unjust enrichment. The judgment granting quiet title to property is affirmed. Costs, but not attorney fees, on appeal are awarded to AGI.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.

6