IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 51931

| | |
|---|---|
| MARK CHARLES WILSON,<br><br>        Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed: December 9, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Custer County. Hon. Stevan H. Thompson, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Mark Charles Wilson, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Mark Charles Wilson appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wilson was convicted of first degree murder with a weapons enhancement for killing Patricia Brown. *State v. Wilson*, 172 Idaho 495, 534 P.3d 547 (2023). Following his conviction, Wilson filed a pro se petition for post-conviction relief challenging the validity of his conviction and sentence. The district court appointed counsel to assist him but after a series of disputes with multiple attorneys, Wilson was permitted to proceed pro se.

Wilson subsequently filed an amended petition asserting numerous claims, including ineffective assistance of trial counsel, appellate counsel, and post-conviction counsel, as well as prosecutorial misconduct. The State filed two motions for summary dismissal. A hearing was

held on the State's motions and, after taking the matter under advisement, the district court granted summary dismissal of the petition. In its ruling, the district court limited the scope of the proceeding to claims arising from Wilson's murder conviction, excluding those related to a separate case involving unlawful possession of a firearm. The court dismissed Wilson's claims of ineffective assistance of post-conviction counsel as non-cognizable in a post-conviction proceeding.[1] Claims of ineffective assistance of trial and appellate counsel were dismissed as either facially without merit or unsupported by admissible evidence. Finally, claims of prosecutorial misconduct were deemed procedurally barred on the ground that they could have been raised on direct appeal. Wilson appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Wilson argues the district court erred in summarily dismissing his post-conviction petition. Wilson raises numerous issues on appeal, including ineffective assistance of trial counsel for failing to properly file a motion to exclude evidence of a prior felony conviction and the consequent ban on possessing a weapon; failing to conduct a meaningful investigation by not disclosing and discussing the State's discovery with him; failing to conduct a meaningful investigation into Wilson's medical and mental health history; failing to call witnesses; failing to develop expert testimony relevant to diminished capacity and intent; failing to consult with him before waiving the preliminary hearing; failing to research and present law on diminished capacity and involuntary confession, including related evidentiary issues; failing to present a defense; failing to object to

---

[1] Wilson does not raise this issue on appeal. There is no constitutional or statutory right to the effective assistance of post-conviction counsel. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).

2

and request additional jury instructions; failing to prepare for the sentencing hearing; and, failing to file a motion to preclude showing photographs of the victim. In addition, Wilson claims ineffective assistance of appellate counsel in failing to present issues regarding mental capacity and involuntary confession. Finally, Wilson alleges prosecutorial misconduct by improper display of photographs of the victim and injecting personal views as to the meaning of legal terminology.[2]

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the

---

[2]    Wilson raises several other issues in his opening brief, including: (1) a vagueness argument which does not identify the vague law or how it might be vague; (2) a presumption of prejudice under *United States v. Cronic*, 466 U.S. 648 (1984), but Wilson fails to show which claim or claims it may apply to or why *Cronic* is applicable; (3) a Fifth Amendment takings claim and claim for compensation under 28 U.S.C. 1983, which are not cognizable in post-conviction; and (4) failure by trial counsel to file a motion to suppress, without identifying it as an issue or providing any elaboration of the basis or merit. These issues are either not cognizable or without argument or authority relevant in this context. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

3

moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578,

580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

As a preliminary matter, the Court notes that Wilson fails to set forth the applicable standard of review for his claims of error by the district court. Wilson presents an abuse of discretion standard for his first claim, but the standard is not shown to be applicable to the claim. Further, although Wilson includes subsections for standards of review in the individual issues, the subsections do not actually contain standards of review. While some of the subsections provide argument and citation, the citation is to legal standards, not standards of review. More importantly, Wilson wholly fails to set forth the standard of review on appeal from summary dismissal of a post-conviction petition. An appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). If an appellant fails to articulate or provide analysis relating to the relevant standard of review, the appellant's argument is conclusory which is fatally deficient to the party's case. *Id*. Wilson has, therefore, waived his claims.

Further, although Wilson appeals from the district court's judgment summarily dismissing his amended petition for post-conviction relief, he fails to make any argument or present authority concerning the summary dismissal. Rather than asking this Court to review the district court's ruling for error, Wilson only argues the merits of the claims that he presented to the district court. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they

are appearing pro se and may not be aware of the applicable rules. *Id.* In his brief, Wilson does discuss some facts and legal authority supporting his underlying claims and where they are found in the record, but he fails to specifically argue (with supporting authority) why the district court's reasons for summary dismissal were erroneous. On appeal, it is not enough to repeat the same arguments made to the court below. Wilson must also show how the district court's summary dismissal of those claims was improper. Because Wilson has failed to challenge the district court's grounds for summary dismissal and he asserts no issues that pertain to the summary dismissal of his post-conviction petition, this Court need not review the issues on the merits.

## IV.

## CONCLUSION

Wilson failed to show error in the district court's summary dismissal of the claims in his petition for post-conviction relief. Accordingly, the district court's judgment summarily dismissing Wilson's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.